**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) IGNITE FITNESS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   CIV-26-236-JAR |
| | ) | |
| (1) STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY; | ) | |
| (2) DON CARPENTER; and | ) | |
| (3) DON CARPENTER INSURANCE AGENCY, | ) | Removal from Oklahoma State Court |
| INC., | ) | Pontotoc County District Court |
| | ) | Case No. CJ-2026-51 |
| Defendants. | ) | |

**DEFENDANT STATE FARM FIRE AND CASUALTY COMPANY'S
NOTICE OF REMOVAL**

Defendant State Farm Fire and Casualty Company ("Defendant" or "State Farm") hereby

notifies the Court and the parties that it is removing this action to the United States District Court

for the Eastern District of Oklahoma pursuant to 28 U.S.C. §§ 1332, 1441, & 1446. The State

Court Docket Sheet and all pleadings filed therein are submitted contemporaneously as Exhibits 1

through 20[1].

**I.    INTRODUCTION**

The case arises from alleged storm damage to Plaintiff Ignite Fitness, LLC's ("Plaintiff")

commercial property and subsequent dispute with State Farm, its insurance carrier, over the

amount paid on Plaintiff's claim. Plaintiff operates a fitness facility located at 216 E. Main St. in

Ada, OK 74820. Some five years before the subject date of loss, on January 30, 2019, Plaintiff

purchased Businessowners Coverage from State Farm, Policy No. 96-AJ-J654-0 ("Policy"), which

---

[1] Exhibit 20 is a Reply Brief that was mailed for filing on July 6, 2026, and thus does not yet appear
on the Docket Sheet.

Policy automatically renewed each year. Petition at ¶ 7, Ex. 3; Policy, Ex. 21; Additional Policy Details, Ex. 22; Renewal Declarations 2024, Ex. 23.

According to Plaintiff's Petition, this property was severely damaged by wind and hail during a storm on March 14, 2024. Petition at ¶ 14, Ex. 3. Plaintiff submitted a claim to State Farm, and State Farm inspected the property. *Id.* at ¶¶ 16 & 18. Plaintiff alleges that State Farm failed to inspect all the damage to the property, including failing to identify storm damage to the roof and interior damage. *Id.* at ¶ 24. State Farm's Estimate totaled $1,083.40, which was less than the deductible. *Id.* at ¶ 25. According to Plaintiff, Plaintiff's losses, which were estimated at $122,425.20, were covered under the Policy, but State Farm refused to pay for all the damage as part of its "outcome-based Scheme to wrongfully lower indemnity payments owed to insureds on covered claims, specifically total roof replacements." *Id.* at ¶¶ 11, 26, 28, & 44-45. Plaintiff sued State Farm for breach of contract and breach of the duty of good faith and fair dealing. *Id.* at ¶¶ 32-41.

Plaintiff's lawsuit also makes claims for "negligence and deceit" against State Farm Agent Don Carpenter ("Mr. Carpenter" or "Agent") and "Don Carpenter Insurance Agency, Inc." ("Agency"). Plaintiff alleges that Agent and Agency knew or should have known of State Farm's scheme, and Agent and Agency never disclosed this scheme to Plaintiff "upon renewal of the policy." Petition at ¶ 47-49, Ex. 3. Further, Agent and Agency purportedly "advised Plaintiff it would be covered in the event of wind and/or hail loss to its roof, misleading its [sic] by failing to disclose the internal Scheme at State Farm." *Id.* at ¶ 51.

## II.    PROCEDURAL REQUIREMENTS

Pursuant to 28 U.S.C. § 1446(b), removal from the District Court of Pontotoc County, Oklahoma, to the Eastern District of Oklahoma is timely. Ordinarily, a defendant must file a notice

of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, when the initial pleading is not removable, "a notice of removal may be filed within 30 days after receipt by defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case in one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Plaintiff's Petition did not plead a removable case under Section 1446(b)(1). More particularly, Plaintiff's Petition does not allege Plaintiff's citizenship and states only that Plaintiff is a "domestic limited liability company organized under the laws of the State of Oklahoma." Petition at ¶ 1, Ex. 3. The citizenship of a limited liability company ("LLC") is not determined by its state of organization or the state of its primary business operations. *See Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). Rather, an LLC takes the citizenship of all its members. *Id.* (citation omitted). The 10th Circuit is "very strict in assessing whether the grounds for removal are ascertainable" from the four corners of the document. *Paros Props., LLC v. Colo. Cas. Insu. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016). The time for removal will not run unless "the defendant is able to 'intelligently ascertain removability' ..." *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). "The notice ought to be unequivocal" and "come about as a result of a voluntary act on the part of the plaintiff." *Id.* The rationale behind the strict notice requirement is common sense: "Any time the plaintiff wishes to start the 30-day clock, it can provide the defendant with unambiguous notice of what is being claimed." *Paros Props., LLC*, 835 F.3d at 1270.

Plaintiff's Petition did not give Defendant State Farm unequivocal notice that diversity

3

jurisdiction existed. Nor was Defendant State Farm able to determine Plaintiff's citizenship through its own research or efforts. For example, Oklahoma statutes do not require an LLC's Articles of Organization to identify the members of the LLC. 18 O.S. § 2005. While an LLC's Articles of Organization must be filed with the Oklahoma Secretary of State, the Operating Agreement for an LLC, which lists the membership of the LLC, does not have to be filed. *See e.g.* 18 O.S. § 2007.

Defendant State Farm acted diligently to obtain jurisdictional discovery from Plaintiff to identify Plaintiff's citizenship for purposes of removal to federal court. State Farm's Answer to Plaintiff's Petition was filed on May 12, 2026, and at the same time jurisdictional discovery was issued to Plaintiff seeking identification of Plaintiff's LLC membership. Plaintiff's responses to this jurisdictional discovery were submitted on June 5, 2026. Defendant's Notice of Removal was filed within 30 days of receiving "other papers" from which it first ascertained that the case is removable. Defendant State Farm's removal of this action is timely.

## III.    JURISDICTION

Defendant State Farm has the right to remove, and this Court has original jurisdiction under 28 U.S.C. §§ 1332(a), 1441(b), and 1446(c). The amount in controversy exceeds $75,000 exclusive of interest and costs, and complete diversity exists between Plaintiff and all properly joined defendants (i.e. Defendant State Farm).

### A.  Complete Diversity of Citizenship Exists Between Plaintiff and State Farm

Jurisdictional discovery confirmed Plaintiff is a citizen of Oklahoma. Plaintiff admitted that it is a citizen of the State of Oklahoma. *See* Plaintiff's Response to Request for Admission No. 1, Ex. 24. Plaintiff's Petition alleges that Defendant State Farm is a "foreign insurance company domiciled and incorporated under the laws of the State of Illinois with its principal place of

4

business in Illinois." Petition at ¶ 2, Ex. 3. Defendant State Farm is a mutual company organized under the laws of Illinois with its principal place of business in Illinois. Answer at ¶ 2, Ex. 15. Therefore, Defendant State Farm is a citizen of Illinois, and complete diversity of citizenship exists between it and Plaintiff.

### B.  Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs

Plaintiff's Petition seeks to recover damages in excess of $75,000, in addition to amounts for costs, interest, and attorney fees. Petition at ¶¶ 38 and WHEREFORE Paragraph following ¶ 52, Ex. 3. Therefore, the amount in controversy has been satisfied.

### C.  Citizenships of Fraudulent Joined Defendants Don Carpenter Insurance Agency, Inc. and Don Carpenter Are Immaterial

The citizenship of Don Carpenter[2] and the citizenship of Carpenter Insurance Agency, Inc.[3] are immaterial because each is a fraudulently joined party against whom there is no possibility that Plaintiff would be able to establish a cause of action. *See e.g. Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). As the United States Supreme Court has recognized for over a century, the right of removal "cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). To establish fraudulent joinder, the moving party must show either: "(1) actual fraud in the

---

[2] Don Carpenter is a citizen of Oklahoma. *See e.g.* Plaintiff's Notice of Return of Service for Defendant Don Carpenter, Ex. 9.

[3] "Carpenter Insurance Agency, Inc." is not a proper party to this lawsuit. As Plaintiff's Counsel already knows from State of Oklahoma, Pontotoc County District Court Case No. CJ-25-55, this entity was utilized by Defendant Don Carpenter's father, also named Don Carpenter, in *Durant*, Oklahoma. *See e.g.* Secretary of State entry for "Carpenter Insurance Agency, Inc." in Durant, OK. Ex. 25. Don Carpenter, the father, passed away in 2009. Defendant Don Carpenter, the son, has operated as a sole proprietor in *Ada*, Oklahoma since 1979 and does not have a separate legal entity that is registered with the Oklahoma Secretary of State. Plaintiff's purported service on Carpenter Insurance Agency, Inc. fails as Don Carpenter, the son, is not the registered agent.

pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher*, 733 F.3d at 988 (citation omitted). Under the second prong, the moving party must show "no possibility" the plaintiff could establish a claim. *Montano v. Allstate Indem.*, 211 F.3d 1278 (10th Cir. 2000) (unpublished table decision). Where specific allegations of fraudulent joinder are made, courts may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (internal quotations and citation omitted). Courts are free to disregard conclusory allegations. *Brazell v. Waite*, 525 F. App'x. 878, 883 (10th Cir. 2013) (unpublished) (explaining that where the plaintiff "makes conclusory allegations," the claim was "without merit and did not prevent removal.") "[F]ederal courts may look beyond the pleadings to determine if joinder, although fair on its face, is a sham or fraudulent device to prevent removal." *Id.* at 881 (citation omitted).

In this diversity action, the Court must determine if Plaintiff's claims have a reasonable basis in state court, thus applying Oklahoma law. Although labeled "negligence and deceit," the crux of Plaintiff's claims against "Agent" and "Agency" is that: (1) Agent and Agency *negligently* failed to disclose State Farm's scheme to Plaintiff; and/or (2) Agent and Agency *intentionally misrepresented* that Plaintiff would be covered in the event of wind and/or hail loss to its roof. Petition at ¶¶ 43-52, Ex. 3.

Plaintiff's argument that these Defendants *negligently* failed to disclose State Farm's scheme is a constructive fraud claim. Constructive fraud requires a breach of either a legal or equitable duty. *Patel v. OMH Med. Ctr., Inc.*, 1999 OK 33, ¶ 34, 987 P.2d 1185, 1199. It is the "breach of a duty which, regardless of the actor's intent, gains an advantage for the actor by misleading another to his prejudice." *Id.* (footnote omitted); *see also* 15 O.S. § 59.

Plaintiff's argument that these Defendants deceived Plaintiff by *intentionally misrepresenting* that Plaintiff would be covered in the event of wind and/or hail loss to its roof is an actual fraud claim. Actual fraud exists when: (1) the defendant made a material representation; (2) the representation was false; (3) the defendant made the representation when he knew the representation was false, or made the representation as a positive assertion recklessly, without any knowledge of its truth; (4) the defendant made the representation with the intention that it should be acted upon by plaintiff; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff suffered injury as a result of the representation. *See e.g. Nutt v. Carson,* 1959 OK 76, ¶ 9, 340 P.2d 260, 263; 15 O.S. § 58; 76 O.S. § 3; OUJI Chapters 18 & 23.

**1.  No Nexus Between Defendants' Actions/Inactions and Plaintiff's Damages**

Plaintiff's Petition establishes that there is no causal connection between Plaintiff's damage and the alleged statements or omissions of these Defendants, a required element for a "negligence and deceit" claim. Plaintiff has not alleged that State Farm denied its claim because of the property's pre-existing condition. Plaintiff has not alleged that these Defendants represented that there was no pre-existing condition that would limit coverage. Plaintiff has not pled facts demonstrating that the type of coverage or amount of coverage led to its damage. Rather, Plaintiff's alleged damage stems exclusively from the fact that State Farm's identification and calculation of the repairs to Plaintiff's property were less than Plaintiff's contractor's identification and calculation of the repairs to Plaintiff's property. Petition at ¶¶ 25-26, 28, 30, 34-36, & 38, Ex. 3. Plaintiff has not pled any connection between these Defendants' alleged misrepresentations and omissions and Plaintiff's damage. *See also Taber v. St. Farm Fire & Cas. Co., et al.*, 5:25-cv-00816-JD at p. 24 (W.D. Okla. April 6, 2026) (Ex. 27); *Layer v. St. Farm Fire & Cas. Co.,* No. 25-cv-401-JDR-MTS, 2026 WL 265805, *3 (N.D. Okla. Feb. 2, 2026).

Any disagreement that Plaintiff has about the extent of damage and the cost of repairs is with State Farm alone. These Defendants played no role in State Farm's determination of damage and payment. State Farm has exclusive authority on policy performance because the contract of insurance is only between the insurer and the insured, and the insurer has a non-delegable duty to interpret and apply the policy and investigate, evaluate, and pay claims thereunder. *See e.g. Trinty Baptist Church v. Bhd. Mut. Ins. Servs., LLC*, 2014 OK 106, ¶ 29, 341 P.3d 75, 86. There is no nexus between what these Defendants allegedly said or did not say and the damage claimed by Plaintiff. There is no possibility that Plaintiff can establish claims for "negligence and deceit" against these Defendants.

### 2.   Plaintiff Could Not Have Relied on an Alleged Statement About the Policy

Under Oklahoma law Plaintiff could not have reasonably relied upon any alleged misrepresentation by these Defendants about the Policy. It has long been the law that insureds have a duty "to read and know the contents of the polic[y]" before they accept it and an applicant "who accepts [a policy] the provisions of which are plain, clear, and free from all ambiguity, is chargeable with knowledge of the terms and legal effect of these contracts." *Liverpool & L. & G. Ins. Co. v. T.M. Richardson Lumber Co.*, 1902 OK 7, ¶ 5, 69 P. 936, 937. It is not possible for Plaintiff to establish "negligence and deceit" claims against these Defendants because the element of reliance is absent.

### 3.   These Defendants Did Not Owe a Duty to Disclose State Farm's Purported Scheme

These Defendants did not owe a duty to Plaintiff under Oklahoma law to disclose State Farm's purported scheme to Plaintiff, meaning Plaintiff cannot establish "negligence and deceit" claims against these Defendants. An agent's duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance rests, in part, on the agent's "specialized knowledge

8

[about] the terms and conditions of insurance policies generally." *Rotan v. Farmers Ins. Grp. of Cos., Inc.*, 2004 OK CIV APP 11, ¶ 2, 83 P.3d 894, 895 (citation omitted). Plaintiff has not alleged that these Defendants failed to omit a fact known to them because of their specialized knowledge about the terms and conditions of the policy that Plaintiff was procuring. Plaintiff makes no allegation that these Defendants made any statements about the property's condition or about State Farm's claims handling or policy interpretation. Rather, Plaintiff's allegation is that these Defendants failed to tell Plaintiff that State Farm purportedly had a scheme upon renewal of Plaintiff's policy each year. Petition at ¶¶ 24, 32-33, 43, & 49, Ex. 3.[4] Under these circumstances, there is no duty under Oklahoma law for an insurance agent to make such a disclosure. "[N]o Oklahoma cases hold[ ] an insurance agent owes a fiduciary duty to a[n] . . . insured." *Cosper v. Farmers Ins. Co.*, 2013 OK CIV APP 78, ¶ 13, 309 P.3d 147, 150 (citing *Swickey v. Silvey Cos.*, 1999 OK CIV APP 48, ¶ 12, 979 P.2d 266, 269); *see also Barlow v. St. Farm Fire & Cas. Co.*, No. CIV-25-44-R, 2025 WL 1139489, *4 (W.D. Okla. April 17, 2025) ("Other than an alleged assurance that they would receive a replacement cost policy that afforded them the best coverage they could get with State Farm, Plaintiffs do not identify any affirmative statements by the Hagar Defendants concerning State Farm's claims handling or policy interpretation. Under these circumstances, Plaintiffs cannot establish that the Hagar Defendants breached a duty of full disclosure."). Oklahoma law does not impose a duty of full disclosure where an agent merely states that a property qualifies for coverage under an insurance policy. *See e.g. Rotan*, 2004 OK CIV APP at ¶ 3, 83 P.3d at 895; *Taber*, 5:25-cv-00816-JD at p. 22, Ex. 27 ("To conclude such a

---

[4] Since the renewals were automatic, "[a]llegations based on representations made during the policy's renewal have no basis in fact." *Moore v. St. Farm Fire & Cas. Co.*, No. CIV-25-181-G, 2026 WL 878450, *5 (W.D. Okla. March 30, 2026) (citation omitted); *see also Stone v. St. Farm Fire & Cas. Co.*, No. CIV-25-7-D, 2025 WL 3090772, *4 (W.D. Okla. Aug. 20, 2025).

representation gives rise to a duty of full disclosure would be imposing that duty upon agents in every instance in which they issue insurance policies.").

Notably, Plaintiff has not alleged that these Defendants knew that State Farm would apply State Farm's scheme to this claim by this Plaintiff, as indeed such an allegation could not be made in good faith where Plaintiff's prior insurance claim with State Farm made on January 3, 2023 was resolved without State Farm's application of the so-called scheme. *See also Taber*, 5:25-cv-00816-JD at p. 25, Ex. 27 ("However, Plaintiffs fail to introduce evidence or plead facts demonstrating that the Agents *in these cases* had knowledge of or participated in this scheme.") (emphasis in original).

### 4.   The Alleged Statements Were Opinions—And They Were True

The alleged statements by these Defendants were not misstatements of fact but rather opinions that were true. According to Plaintiff, these Defendants advised that Plaintiff "would be covered in the event of wind and/or hail loss to its roof." Petition at ¶ 51, Ex. 3. The Oklahoma Supreme Court has long held that representations about whether insurance coverage extends to a particular claim are merely opinions, not statements of fact, which are not a material misrepresentation. *See e.g. Cupit v. Dancu Chem. Co.*, 1957 OK 193, ¶ 7, 316 P.2d 593, 596. An insurance agent cannot very well sell an insurance policy by operating in absolute silence. It is unreasonable to permit a statement that there was coverage in the event of a wind and/or hail loss to a roof, which statement was given attendant to the issuance of an insurance policy, and which was consistent with the terms of the policy, to serve as the basis for a fraud claim. If that were the case, then every time that an insured sues its insurer for a coverage dispute, every insurance agent and agency that ever had any communication with the insured about the policy will also be named in the lawsuit.

10

Moreover, these alleged statements were true according to Plaintiff's Petition. There is no allegation by Plaintiff that hail damage was not covered under the Policy. Indeed, Plaintiff's Petition alleges that the Policy issued by State Farm was a replacement cost policy that covered accidental direct physical loss arising as a result of hail. Petition at ¶¶ 11 & 12, Ex. 3. Plaintiff's contractor estimated the cost of repairs to be $122,425.20. *Id.* at ¶ 26. Plaintiff's Policy provided $194,400 in dwelling coverage. Renewal Declarations, Ex. 23. Plaintiff's own Petition shows that Plaintiff had sufficient coverage to repair the damage consistent with its contractor's estimate, had such damage resulted from a covered loss. *See e.g. Lewis v. St. Farm Fire & Cas. Co.*, No. 25-CV-0274-CVE-MTS, 2026 WL 179888, *5 (N.D. Okla. Jan. 22, 2026) ("At issue are the extent of the damage suffered, the valuation of the damage as less than plaintiff's deductible, and the adequacy of the shingle replacements offered, none of which contradicts the statements [the State Farm Agent] allegedly made."); *Steinkamp v. St. Farm Fire & Cas. Co., et al.*, No. CIV-22-0047-PRW, 2023 WL 11920886, *4 (W.D. Okla. Sept. 29, 2023) ("Again, the terms of Plaintiff's policy show that it does contain a replacement cost policy, so this allegation [of misrepresentation by Agency] has no basis in fact.") There is no possibility that Plaintiff can establish "negligence and deceit" claims against these Defendants.

### 5. Fraud Cannot Be Based on a Promise of Future Performance

Under Oklahoma law, the alleged omissions and statements of these Defendants cannot constitute fraud because they cannot be shown to be true or false at the time they were made. According to Plaintiff, these Defendants did not disclose State Farm's scheme to Plaintiff. Petition at ¶¶ 49-50, Ex. 3. Also, according to Plaintiff, these Defendants advised that Plaintiff "would be covered in the event of wind and/or hail loss to its roof." *Id.* at ¶ 51. Plaintiff contends that this omission and this statement were fraudulent because when Plaintiff's property was damaged in the

11

future, on March 14, 2024, State Farm, allegedly, did not "pay for all the damage relating to Plaintiff's claim." *Id.* at ¶ 28. These Defendants' alleged omission and statement concerned a promise as to a future act by State Farm, which cannot serve as the basis for a fraud claim. "[F]or a false representation to be the basis of fraud, such representation must be relative to existing facts or those which previously existed, and not as to promises as to future acts." *Citation Co. Realtors, Inc. v. Lyon*, 1980 OK 68, ¶ 8, 610 P.2d 788, 790. Moreover, Oklahoma law is clear that the duty of good faith and fair dealing in handling an insurance claim is a duty owed by an insurance carrier, not the agent. *See e.g. Timmons v. Royal Globe Ins. Co.,* 1982 OK 97, ¶ 17, 653 P.2d 907, 912-13; *Trinity Baptist Church v. Bhd. Mut. Insu. Servs., LLC,* 2014 OK 106, ¶ 11, 341 P.3d 75, 79-80; *Wathor v. Mut. Assurance Adm'rs, Inc.,* 2004 OK 2, ¶ 8, 87 P.3d 559, 562. Plaintiff has no possibility of establishing "negligence and deceit" claims against these Defendants.

### 6. No Cause of Action Exists Based On What Plaintiff Alleges That These Defendants *Should Have* Known

No negligence cause of action exists under Oklahoma law based on what these Defendants allegedly should have known about the purported scheme by State Farm. Oklahoma Uniform Jury Instruction No. 9.2 defines "negligence" as "the failure to exercise ordinary care to avoid injury to another's person or property." It defines "ordinary care" as "the care which a reasonably careful person would use under the same or similar circumstances." *Id.* "Ordinary care" implies knowledge of a fact before a duty flowing from that fact can arise. Plaintiff's "negligence and deceit" claims are dependent upon Plaintiff's allegation that these Defendants "knew or should have known of this Scheme implemented by State Farm." Petition at ¶ 48, Ex. 3. At the appropriate time, evidence will be submitted showing that there is no scheme by State Farm and that these Defendants are not aware of any scheme by State Farm. To the extent that Plaintiff's claim is based on what these Defendants allegedly should have known, no such cause of action exists. No fraud

claim exists under Oklahoma law based on what these Defendants should have known about State Farm's purported scheme, so Plaintiff cannot possibly state claims on that basis.

### 7.  Plaintiff Received the Policy Promised

Plaintiff's Petition establishes that on the subject date of loss Plaintiff had in place a policy with the breadth of coverage that Plaintiff asked for. While an insurance agent has a "duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance," (*Swickey*, 1999 OK CIV APP at ¶ 13, 979 P.2d at 269), Oklahoma law is clear that an insurance agent owes no duty to an insured to advise an insured with respect to his insurance needs. *Rotan*, 2004 OK CIV APP at ¶ 2, 83 P.3d at 895; *see also Cosper*, 2013 OK CIV APP at ¶ 9, 309 P.3d at 149 (holding that an insurance agent has no duty to provide an "adequate amount" of coverage); *Kutz v. St. Farm Fire & Cas. Co.*, 2008 OK CIV APP 60, ¶¶ 15-17, 189 P.3d 740, 744-45 (declining to expand the duty to procure into a duty to maintain coverage). Plaintiff's Petition admits that the Policy issued by State Farm was a replacement cost policy that covered accidental direct physical loss arising as a result of hail. Petition at ¶¶ 11 & 12, Ex. 3. Plaintiff's Petition admits that Plaintiff's damage was covered under the policy procured by these Defendants. Plaintiff's contractor estimated the cost of repairs to be $122,425.20. *Id.* at ¶ 26. Plaintiff's Policy provided $194,400 in dwelling coverage. Renewal Declarations, Ex. 23. Plaintiff's own Petition shows that Plaintiff had sufficient coverage to repair the damage consistent with its contractor's estimate, had such damage resulted from a covered loss.

> [P]urchasing a replacement cost policy does not mean that an insured is guaranteed that its claims will always be paid in full. Similarly, a replacement cost policy does not guarantee that a plaintiff's claims will be paid in the exact manner that the plaintiff desires. Representing that "comprehensive replacement cost coverage [ ] would protect the property (including the roof) without exclusion, limitation or conditions" does not affect this principal. To argue otherwise is to suggest that having a replacement cost policy entitles plaintiff to a full replacement of the roof

> upon submission of virtually any claim. That is not what plaintiff alleges that [the insurance agent] represented.

*Rain Drop Found., Inc. v. St. Farm Fire & Cas. Co.*, 2025 WL 582562, at \*5 (W.D. Okla. Feb. 21, 2025) (internal quotations and citation omitted) (finding that the plaintiff was unable to make out any claim against the insurance agent in state court). Any argument that these Defendants committed negligent procurement when Plaintiff's policy was renewed despite allegedly knowing of State Farm's scheme would "expand negligent procurement beyond the narrow contours recognized by Oklahoma courts like *Swickey* and *Rotan*." *Waller v. St. Farm Fire & Cas. Co.*, No. 4:25-cv-00448-SH, 2026 WL 880234 at \*9 (N.D. Okla. Mar. 30, 2026). There is no possibility that Plaintiff can state a claim for negligent procurement.

The citizenship of Don Carpenter and the citizenship of Carpenter Insurance Agency, Inc. are immaterial because each is a fraudulently joined party against whom there is no possibility that Plaintiff would be able to establish a cause of action. Consent to removal is only required from "defendants who have been properly jointed and served." 28 U.S. C. § 1446(b)(2)(A). Thus, consent by neither is required. However, to the extent consent is required, Defendant Don Carpenter consents to removal of this case by Defendant State Farm. Defendant Carpenter Insurance Agency, Inc., which has no involvement with these claims, and has not been properly served.

## IV.   CONCLUSION

This action is properly removed pursuant to 28 U.S.C. § 1441. A copy of this Notice of Removal is being served upon Plaintiff's counsel of record. A copy of this Notice of Removal will also be filed with the Clerk of the District Court of Pontotoc County. A copy of the Docket Sheet in the Pontotoc County District Court case is attached hereto, pursuant to LCvR 81.2. (Exhibit 1) Copies of all documents filed or served upon Defendant State Farm in the District Court of

Pontotoc County are made part of this Notice. (Exhibits 2-20) Defendant State Farm therefore removes this case to the United States District Court for the Eastern District of Oklahoma. By removing this action to this Court, Defendant State Farm does not waive any defenses, objections, or motions available under state or federal law.

Respectfully submitted,

s/ Paige N. Shelton
Paige N. Shelton, OBA #20330
Jordan L. Berkhouse, OBA #33835
**CONNER & WINTERS, LLP**
4100 First Place Tower
15 E. 5th St.
Tulsa, OK 74103
918-586-8558
*PShelton@cwlaw.com*
*jberkhouse@cwlaw.com*

*Attorneys for Defendants State Farm Fire
and Casualty Company and Don Carpenter*

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2026, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

R. Ryan Deligans
Joshua L. Young

s/ Paige N. Shelton
Paige N. Shelton

15