# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

FILED
NOV 04 2026
BONNIE HACKLER
Clerk, U.S. District Court
By ________ Deputy Clerk

| | | |
|---|---|---|
| IGNITE FITNESS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY; DON CARPENTER; and CARPENTER INSURANCE AGENCY, INC.,<br><br>Defendants. | ) | 26-cv-00236-JAR |

**OPINION AND ORDER**

A strong defense does not create federal jurisdiction. State Farm may ultimately establish that Ignite Fitness, LLC cannot recover against its insurance agent. But the question before this Court is narrower: whether State Farm has demonstrated that there is no reasonable basis for such a recovery under Oklahoma law. One question concerns who should prevail. The other concerns which court has the power to decide.

Before the Court is Plaintiff's Motion to Remand. (Dkt. No. 17). Defendant State Farm Fire and Casualty Company filed a response in opposition, and Plaintiff filed a reply. (Dkt. Nos. 19, 20). State Farm contends that Defendants Don Carpenter and Carpenter Insurance Agency, Inc. were fraudulently joined and that their citizenship should therefore be disregarded. Alternatively, State Farm requests jurisdictional discovery.

State Farm has not carried its burden. Plaintiff's Motion to Remand is GRANTED.

## I. Factual and Procedural Background

Ignite's insured property is located in Ada, Oklahoma. Its petition alleges that State Farm issued a policy covering losses arising from hail and that the policy was in effect when a March 14, 2024 storm damaged the property. (Dkt. No. 2-3 at 2, ¶¶ 5–7, 11–14). Ignite further alleges that State Farm, Carpenter, or Carpenter's agency represented that the property met State Farm's underwriting requirements. (Id. ¶ 10).

After Ignite submitted a claim, State Farm inspected the property. (Id. at 3, ¶¶ 15–18). According to Ignite, State Farm failed to identify all storm damage to the roof and interior. (Id. ¶ 24). State Farm estimated repairs at $1,083.40, an amount below the deductible. Ignite's contractor estimated repairs at $122,425.20. (Id. at 4, ¶¶ 25–26). Ignite alleges that State Farm refused to pay for covered damage. (Id. at 4–5, ¶¶ 27–30, 34–36).

Ignite filed this action in the District Court of Pontotoc County, Oklahoma, on March 11, 2026. (Id. at 1). Counts I and II assert claims against State Farm for breach of contract and breach of the duty of good faith and fair dealing. (Id. at 3–5, ¶¶ 20–41). Count III asserts "negligence and deceit" against Carpenter and Carpenter Insurance Agency, Inc. (Id. at 6–7, ¶¶ 42–52).

Count III expressly incorporates the preceding allegations and identifies State Farm's alleged "Hail Claim Focus Initiative." (Id. at 6, ¶¶ 42–44). Ignite describes that Initiative as a predetermined, outcome-based practice designed to reduce payments on valid claims, particularly claims requiring roof replacement. (Id. ¶¶ 43–45). Ignite alleges that the practice was known within State Farm and among its agents and adjusters, that Carpenter knew or should have known of it, and that it was not disclosed when Ignite's policy renewed annually. (Id. ¶¶ 46, 48–49).

The petition separately alleges that Carpenter suppressed information known to him when his duties required disclosure. (Id. ¶ 50). More specifically, Ignite alleges that Carpenter advised it that its roof would be covered for wind or hail damage while misleading it by failing to disclose the alleged Initiative. (Id. ¶ 51). Ignite alleges reliance on Carpenter in procuring insurance and seeks damages resulting from his allegedly deceitful conduct. (Id. at 6–7, ¶¶ 47, 52).

These are allegations, not findings. The Court recounts them to identify the asserted basis for joinder without resolving their truth.

State Farm removed the action on July 6, 2026. (Dkt. No. 2). The parties do not dispute the amount in controversy or that Ignite and State Farm are citizens of different states. State Farm's jurisdictional position depends on disregarding the nondiverse defendants as fraudulently joined. (Dkt. No. 19 at 6, 8, 10).

State Farm separately contends that Carpenter Insurance Agency, Inc. is an improper party because that corporation was associated with Carpenter's father and is distinct from Carpenter's business. (Id. at 6 n.1). The Court need not resolve that issue. If Carpenter individually was properly joined, his citizenship defeats complete diversity regardless of the agency's status.

## II. Governing Standard

Federal courts possess limited jurisdiction. The party invoking federal jurisdiction bears the burden of establishing it. *Becker v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 770 F.3d 944, 946–47 (10th Cir. 2014). Diversity jurisdiction requires an amount in controversy exceeding $75,000 and complete diversity of citizenship. 28 U.S.C. § 1332(a); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

The fraudulent joinder doctrine permits a court to disregard a nondiverse defendant when the removing party establishes either actual fraud in the pleading of jurisdictional facts or the plaintiff's inability to establish a cause of action against that defendant in state court. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013). The removing party bears a heavy burden, and factual disputes and uncertainties in controlling law must be resolved in the plaintiff's favor. *Id.*

That inquiry is more demanding than the standard governing a motion to dismiss under Rule 12(b)(6). *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL

525592, at *2 (10th Cir. Apr. 14, 2000). If there is a reasonable basis to believe the plaintiff might succeed on at least one claim against the nondiverse defendant, remand is required. *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006). The claim need not be certain to succeed, but it must have a basis in the alleged facts and applicable law. *Id.*

The Court may pierce the pleadings and examine the record to determine the basis for joinder. *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). That authority does not permit a preliminary trial of doubtful factual issues. The asserted nonliability must be capable of summary determination and established with complete certainty upon undisputed evidence. *Smoot v. Chi., Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

The burden is demanding, but it is not meaningless. A plaintiff cannot defeat removal merely by naming a resident defendant and attaching a legal conclusion to that defendant's conduct. The Court must identify a reasonable factual and legal basis for potential liability. It must do so without substituting a merits determination for the jurisdictional inquiry.

## III. Fraudulent Joinder

### A. Fraud in the Pleading of Jurisdictional Facts

State Farm does not identify actual fraud in the pleading of citizenship or other jurisdictional facts. Its argument is that Ignite cannot establish a viable claim against

Carpenter. (Dkt. No. 19 at 10–21). The Court therefore proceeds under the second *Dutcher* prong.

## B. A Reasonable Basis for Potential Liability

Oklahoma recognizes an insurance agent's duty to act in good faith and exercise reasonable care, skill, and diligence in procuring insurance. *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999). That duty does not make an agent a guarantor of every subsequent claim decision. Nor does Oklahoma impose a general fiduciary duty merely because an agent sells insurance to a customer. *Id.*; *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 150 (Okla. Civ. App. 2013).

But the absence of a general fiduciary duty does not eliminate duties arising from an agent's own representations and omissions.

Oklahoma recognizes constructive fraud where a breach of a legal or equitable duty produces an advantage by misleading another to that person's prejudice. Okla. Stat. tit. 15, § 59; *Patel v. OMH Med. Ctr., Inc.*, 987 P.2d 1185, 1199 (Okla. 1999). Constructive fraud does not require an intent to deceive and may arise from the silence of one who has a duty to speak. *Croslin v. Enerlex, Inc.*, 308 P.3d 1041, 1045–46 (Okla. 2013).

A duty to disclose may arise when a party selectively discloses facts and thereby creates a false impression. *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1181 (10th Cir. 2008). A statement may be accurate as far as it goes

and nevertheless mislead through the omission of material information. *Id.* at 1181. Oklahoma likewise recognizes that one who volunteers information capable of influencing another's conduct may become obligated to disclose the whole truth concerning that information. *Uptegraft v. Dome Petrol. Corp.*, 764 P.2d 1350, 1353–54 (Okla. 1988).

The petition invokes that established basis for potential liability. Paragraph 51 alleges an express representation by Carpenter concerning coverage for wind or hail damage to Ignite's roof. Paragraphs 49 and 50 allege nondisclosure at annual renewal and suppression of information known to Carpenter concerning a practice designed to reduce payments on covered roof claims. Paragraph 47 alleges reliance, and paragraph 52 seeks damages from the alleged deceit. (Dkt. No. 2-3 at 6–7, ¶¶ 43–52).

The alleged duty therefore does not arise solely from Carpenter's status as an insurance agent. It arises from what he allegedly chose to say while withholding material information allegedly known to him. Nor does the theory depend on imposing a general obligation to predict future claim decisions. It concerns an alleged existing practice that, according to the petition, materially qualified Carpenter's affirmative representation.

Whether those allegations can be proved remains an open question. State Farm has not demonstrated that Oklahoma law leaves no reasonable basis for recovery on them.

## C. Causation and the Alleged Initiative

State Farm's principal argument concerns causation. It contends that Ignite's damages arise exclusively from State Farm's inspection and valuation of the loss. It also emphasizes that the petition does not expressly state that State Farm applied the alleged Initiative to Ignite's particular claim. (Dkt. No. 19 at 12–14, 22–23).

The latter observation is correct. The petition does not contain that express allegation. The Court will not attribute to the pleading language it does not contain.

But that omission does not end the fraudulent joinder inquiry. The question is whether the allegations actually pleaded, considered together, provide a reasonable factual basis for potential liability against Carpenter.

Paragraph 42 expressly incorporates paragraphs 1 through 41 into Count III. (Dkt. No. 2-3 at 6, ¶ 42). Those incorporated allegations identify a storm loss covered by the policy, an allegedly deficient inspection, an estimate below the deductible, a substantially higher contractor's estimate, and State Farm's alleged failure to pay for covered damage. (Id. at 2–5, ¶¶ 11–14, 24–30, 32–36).

Count III then identifies a practice allegedly designed to reduce payments on valid claims, specifically claims involving roof replacement. (Id. at 6, ¶¶ 43–45). It alleges that Carpenter knew of that practice, withheld information about it at annual renewal, and misled Ignite while representing that its roof would be covered for wind

and hail damage. (Id. ¶¶ 48–51). It also alleges reliance on Carpenter in procuring insurance and seeks damages from the alleged deceit. (Id. at 6–7, ¶¶ 47, 52).

Incorporation alone does not establish causation. Nor does a general demand for damages supply every fact necessary to recover. Here, however, the allegations concern the same policy, the same category of roof coverage, an alleged practice directed at reducing payments for that coverage, and an unpaid loss falling within that category. Their connection is reasonably inferable from the petition itself.

The Court therefore reads Count III as asserting that Carpenter's alleged nondisclosure concerning the insurance Ignite procured contributed to the injury described in the incorporated allegations. That reading gives effect to the claim pleaded. It does not add a separate transaction, a different loss, or an unpleaded representation.

State Farm's competing interpretation is that the petition describes only an adjustment dispute for which Carpenter bears no responsibility. That interpretation may ultimately prevail. But adopting it as conclusive would require the Court to treat the allegations of knowledge, suppression, and reliance as immaterial before their factual basis has been developed.

The Court does not hold that every disputed claim supplies a cause of action against the agent who sold the policy. A mere disagreement over the cost of repairs would not, by itself, establish Carpenter's liability. The petition alleges additional

conduct directed to Ignite: an affirmative coverage representation accompanied by suppression of allegedly material information known to Carpenter. (Id. at 6, ¶¶ 47–51).

Those allegations provide the reasonable basis required by *Nerad*. They do not establish that Ignite will recover. The precise causal connection may require clarification, and it will require proof. But State Farm has not demonstrated that the petition's imperfect expression of that connection establishes fraudulent joinder under the more demanding standard identified in *Montano*.

This conclusion rests on the petition. The Court need not rely on additional factual assertions in the remand briefs to find a reasonable basis for the potential claim.

**D. Policy Language, Reliance, and Future Performance**

State Farm argues that Ignite received the policy it requested and that the policy's coverage limit exceeds the contractor's repair estimate. (Dkt. No. 19 at 17, 20–21). Those circumstances may defeat a theory resting solely on a failure to procure the requested policy. They do not conclusively resolve the separate nondisclosure theory.

Ignite acknowledges that the written policy includes hail coverage. (Dkt. No. 2-3 at 2, ¶¶ 11–12). It alleges that Carpenter nevertheless withheld knowledge of a practice designed to reduce payments on covered claims while representing that wind

and hail damage to its roof would be covered. (Id. at 6, ¶¶ 43–51). Under *Specialty Beverages*, the accuracy of a statement concerning written coverage does not necessarily eliminate the possibility that an accompanying omission created a materially false impression. 537 F.3d at 1181.

The Court does not equate a replacement cost policy with a guarantee that every claim will be paid in the amount an insured requests. Nor does it treat the alleged Initiative as having amended the policy's written terms. The potential claim concerns whether Carpenter's own statements became misleading through the suppression of information he allegedly possessed.

State Farm also invokes an insured's duty to read and know the policy's contents. (Dkt. No. 19 at 14). See *Liverpool & L. & G. Ins. Co. v. T.M. Richardson Lumber Co.*, 69 P. 936, 937 (Okla. Terr. 1902). But the information allegedly withheld concerns an internal practice, not a limitation Ignite could necessarily discover by reading the policy. (Dkt. No. 2-3 at 6, ¶¶ 49–51). The asserted duty to read therefore does not conclusively defeat reliance on the nondisclosure theory pleaded here.

State Farm's arguments concerning opinion and future performance encounter the same distinction. (Dkt. No. 19 at 16–18). See *Cupit v. Dancu Chem. Co.*, 316 P.2d 593, 596 (Okla. 1957); *Citation Co. Realtors, Inc. v. Lyon*, 610 P.2d 788, 790 (Okla. 1980). Ignite alleges suppression of information concerning an existing practice, not simply an inaccurate prediction about how an unknown future claim might be decided. (Dkt. No. 2-3 at 6, ¶¶ 43–51).

Finally, State Farm correctly distinguishes its claims handling duties from Carpenter's duties as an agent. (Dkt. No. 19 at 13, 18). See *Trinity Baptist Church v. Bhd. Mut. Ins. Servs., LLC*, 341 P.3d 75, 86 (Okla. 2014); *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 912–13 (Okla. 1982). The potential claim against Carpenter does not require transferring State Farm's duty of good faith and fair dealing to him. It concerns his own alleged representations and omissions.

**E. Knowledge and Pleading Particularity**

State Farm challenges the allegation that Carpenter "should have known" of the Initiative and the absence of details identifying when and how he acquired knowledge. (Dkt. No. 19 at 18–20).

The petition does not stop at constructive knowledge. Paragraph 48 alleges that Carpenter "knew or should have known" of the practice. Paragraph 50 separately alleges suppression of information "known to" Carpenter and the agency. (Dkt. No. 2-3 at 6, ¶¶ 48, 50). The alternative allegation does not erase the assertion of actual knowledge.

Those allegations are not proof. But State Farm's challenge to their specificity does not establish Carpenter's lack of knowledge as an undisputed fact capable of summary determination.

State Farm also points to its payment of an earlier claim involving Ignite's property. (Dkt. No. 19 at 16, 24). Even accepting State Farm's description, payment

of that claim does not conclusively establish what Carpenter knew or how the later claim was handled.

The Court likewise does not treat evidence concerning other agents' knowledge as proof of Carpenter's personal knowledge. The decision does not depend on such an inference. It rests on the allegations directed to Carpenter and State Farm's failure to establish that the potential claim lacks a reasonable factual and legal basis.

State Farm's related Rule 9(b) argument does not alter that conclusion. (Dkt. No. 19 at 12 n.2). The Court does not decide whether every aspect of Count III satisfies every applicable pleading requirement. It concludes that State Farm's challenge to the particulars of the alleged fraud does not satisfy the more demanding fraudulent joinder standard. See *Montano*, 2000 WL 525592, at *2 (distinguishing the fraudulent joinder inquiry from a merits determination under Rule 12(b)(6)). In *Nerad*, the Tenth Circuit characterized an inquiry considering potentially curable Rule 9(b) deficiencies as jurisdictional, while holding that the resulting remand order was unreviewable. 203 F. App'x at 913–14.

**F. The Parties' Competing Authorities**

The parties cite decisions reaching different results in disputes involving State Farm agents. The Court has considered those decisions. Jurisdiction is not determined by counting outcomes.

In *Lawson v. State Farm Fire & Casualty Co.*, No. CIV-25-168-RAW-JAR, 2025 WL 3492817, at *3 (E.D. Okla. Dec. 5, 2025), this Court applied the demanding fraudulent joinder standard to claims against the same Carpenter defendants arising from the alleged Hail Claim Focus Initiative. State Farm identifies differences between the pleadings in *Lawson* and those here, principally the absence of an express allegation that the Initiative was applied to Ignite's claim. (Dkt. No. 19 at 22–23). The Court has addressed that omission above. It does not establish fraudulent joinder when Ignite's allegations, read together, provide a reasonable basis for potential recovery against Carpenter.

The state court's subsequent denial of Carpenter's motion to dismiss in *Lawson* does not decide the sufficiency of Ignite's claims. (Dkt. No. 17-1 at 1–2). This Court's conclusion rests on the present petition and record.

This Court confronted substantially similar arguments in *Baugh v. State Farm Fire & Casualty Co.*, No. CIV-25-417-RAW-JAR. The undersigned explained that challenges to an agent's knowledge, disclosure duties, and causal responsibility must satisfy the fraudulent joinder standard; they cannot prevail merely by identifying weaknesses in the plaintiff's case. See Report and Recommendation at 7-10, Dkt. No. 40. The District Judge expressly agreed with that reasoning and adopted it as the order of the Court. See Order at 1–2, Dkt. No. 42 (E.D. Okla. Mar. 20, 2026). Neither decision substitutes for examination of Ignite's own allegations. Both reinforce the

distinction that governs that examination: a defense may defeat a claim without establishing federal jurisdiction.

State Farm's contrary authorities include *Layer v. State Farm Fire & Casualty Co.*, No. 25-CV-401-JDR-MTS, 2026 WL 265805, at *4 (N.D. Okla. Feb. 2, 2026), and *Lewis v. State Farm Fire & Casualty Co.*, No. 25-CV-0274-CVE-MTS, 2026 WL 179888, at *4–5 (N.D. Okla. Jan. 22, 2026). Those decisions emphasize that issuance of the requested policy does not guarantee payment of every disputed claim and that an insurer's alleged breach does not automatically establish agent liability. The Court agrees with those propositions. *Lewis* also considered express coverage assurances and allegations of a broader claims denial scheme, but concluded that the plaintiff had not connected the agent's representations to the disputed adjustment. 2026 WL 179888, at *1–2, *4–5.

In *Taber v. State Farm Fire & Casualty Co.*, No. CIV-25-00816-JD, slip op. at 22–25 (W.D. Okla. Apr. 6, 2026), the court rejected alleged duties arising from inherent coverage representations and found insufficient connections between the agents' conduct and the claimed losses. (Dkt. No. 19-1 at 22–25).

Here, paragraph 51 alleges an express coverage representation. Paragraphs 49 and 50 allege nondisclosure at annual renewal and suppression of information actually known to Carpenter. (Dkt. No. 2-3 at 6). The asserted claim therefore does not rest solely on a representation inferred from issuance of a policy.

The Court recognizes that *Lewis* considered express coverage assurances and allegations of a broader claims denial scheme. The disagreement is therefore one of reasoning, not merely pleading detail. This Court respectfully declines to follow *Lewis* insofar as it treats receipt of the requested coverage and the insurer's responsibility for adjustment as dispositive of the separate nondisclosure theory. Here, the petition reasonably connects Carpenter's alleged coverage representation, suppression of a known claims practice, and Ignite's reliance to the claimed injury. Whether that connection can be proved remains a merits question. State Farm has not established that it lacks a reasonable factual and legal basis under *Dutcher* and *Nerad*.

## IV. Jurisdictional Discovery and Timeliness

State Farm alternatively requests discovery concerning what Carpenter knew, when and how he learned it, and whether the alleged Initiative affected Ignite's claim. (Dkt. No. 19 at 24–25).

Jurisdictional discovery is not categorically unavailable in a fraudulent joinder dispute. But the request here seeks development of the central disputed elements of the underlying claim. State Farm has not identified a discrete factual issue that would permit Carpenter's asserted nonliability to be established through the summary determination contemplated by *Dodd* and *Smoot*.

The authority to pierce the pleadings does not authorize a preliminary trial of the disputed claim. On this record, additional jurisdictional discovery is not warranted. State Farm's alternative request is DENIED.

The parties also dispute whether removal was timely. (Dkt. No. 19 at 8–10; Dkt. No. 20 at 3–4). Because Carpenter's citizenship cannot be disregarded and complete diversity is lacking, resolution of that procedural issue would not alter the disposition. The Court therefore does not reach it.

## V. Attorney's Fees and Costs

Ignite seeks attorney's fees and costs under 28 U.S.C. § 1447(c), emphasizing State Farm's continued removal of cases after prior remand decisions involving similar allegations. (Dkt. No. 17 at 33).

An unsuccessful removal does not automatically justify an award. Absent unusual circumstances, courts may award attorney fees only when the removing party lacked an objectively reasonable basis for removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

State Farm relied on decisions denying remand in disputes presenting related theories of agent liability and identified differences between Ignite's petition and the pleadings in prior remanded cases. (Dkt. No. 19 at 13–14, 17, 21–24). Those arguments do not carry its heavy jurisdictional burden here, but they provide an objectively reasonable basis for removal.

Ignite's request for attorney's fees and costs is DENIED.

## VI. Conclusion

Ignite has not established that Carpenter is liable. It was not required to do so. State Farm was required to establish that there is no reasonable basis to believe Ignite might recover against him under Oklahoma law. It has not met that burden.

The petition alleges a coverage representation, knowledge of an existing practice directed at reducing payments for that coverage, suppression of that information, reliance, and resulting injury. Those allegations provide a reasonable basis for potential recovery under Oklahoma law. Whether they can be proved is a different question.

Whether Ignite can prove its allegations remains for the court with jurisdiction to decide. This Court cannot acquire the power to decide the merits by deciding them first.

Accordingly, Plaintiff's Motion to Remand (Dkt. No. 17) is **GRANTED**. This action is REMANDED to the District Court of Pontotoc County, Oklahoma. State Farm's alternative request for jurisdictional discovery is **DENIED**. Plaintiff's request for attorney's fees and costs under 28 U.S.C. § 1447(c) is **DENIED**.

IT IS SO ORDERED this 4th day of November, 2026.

Jason A. Robertson
UNITED STATES MAGISTRATE JUDGE